UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AARON RAISER,<br><br>                             Plaintiff,<br><br>v.<br><br>THE UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF CALIFORNIA, et al.,<br><br>                             Defendants. | Case No.: 20-CV-1490 TWR (AGS)<br><br>**ORDER (1) ACCEPTING FILING FEE AS TIMELY, AND**<br>**(2) DENYING WITHOUT PREJUDICE WAIVER OF PACER FEES**<br><br>(ECF No. 12) |

Presently before the Court is Plaintiff Aaron Raiser's *Ex Parte* Application for Order Allowing (1) Filing Fee Paid Nunc Pro Tunc, and (2) PACER Access IFP ("*Ex Parte* App.," ECF No. 12), which was accepted on discrepancy. (*See* ECF No. 11.) Plaintiff explains that he timely paid his filing fee by October 26, 2020, but that it was mistakenly returned. (*See Ex Parte* App. at 2; *see also* Ex. 1.) The Court therefore **GRANTS IN PART** Plaintiff's *Ex Parte* Application and **DEEMS** Plaintiff's filing fee timely pursuant to the Honorable Dana M. Sabraw's September 11, 2020 Order. (*See* ECF No. 5.)

Plaintiff also "asks for PACER access IFP in all courts in this court, the central district of California, district of Utah, the district of Columbia and the southern District of Ohio federal courts, and the courts of appeals over those courts, the 9th Circuit, 10th Circuit, 6th Circuit and the circuit court of appeals for the DC and his cases in those courts."

(*See id.* at 3.) "Exemptions from PACER user fees are uncommon," *Katumbusi v. Gary*, No. 2:14-CV-1534 JAM AC, 2014 WL 5698816, at *4 (E.D. Cal. Oct. 30, 2014), and may be granted only when "those seeking an exemption have demonstrated that an exemption is necessary in order to avoid unreasonable burdens and to promote public access to information." United States Courts, Electronic Public Access Fee Schedule, https://www.uscourts.gov/services-forms/fees/electronic-public-access-fee-schedule (last accessed Nov. 11, 2020); *see also Emrit v. Cent. Payment Corp.*, No. 14-CV-00042-JCS, 2014 WL 1028388, at *3 (N.D. Cal. Mar. 13, 2014).

Plaintiff has introduced evidence of his limited finances. (*See Ex Parte* App. at 4.) Rather than proceed *in forma pauperis* in this action, however, Plaintiff elected to pay the full $400 filing fee. (*See* ECF Nos. 2, 4, 12.) By contrast, "[t]he cost of using PACER is very modest." *Givens v. City & Cty. of San Francisco*, No. C 06-2505 MHP (PR), 2009 WL 650264, at *4 (N.D. Cal. Mar. 10, 2009); *see also Katumbusi*, 2014 WL 5698816, at *4. Further, it appears that Plaintiff mainly seeks access to the documents filed in his own cases. (*See Ex Parte* App. at 3–4.) Absent information regarding the specific cases to which Plaintiff requires access, "the court will not give him carte blanche to access through PACER the documents filed not only in his case but in thousands of cases throughout the federal court system." *See Givens*, 2009 WL 650264, at *4. The Court therefore concludes that Plaintiff has not met his burden, *see, e.g.*, *Emrit*, 2014 WL 1028388, at *3 (N.D. Cal. Mar. 13, 2014) (citing *Givens*, 2009 WL 650264, at *4), and **DENIES WITHOUT PREJUDICE** Plaintiff's request for a waiver of PACER fees.

**IT IS SO ORDERED.**

Dated: November 16, 2020

_____
Honorable Todd W. Robinson
United States District Court