UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AARON RAISER,<br><br>                        Plaintiff,<br><br>v.<br><br>THE UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF CALIFORNIA, et al.,<br><br>                        Defendants. | Case No.: 20-CV-1490 TWR (AGS)<br><br>**ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S *EX PARTE* APPLICATIONS**<br><br>(ECF No. 15) |

Presently before the Court are Plaintiff Aaron Raiser's *Ex Parte* Applications for (A) Order Allowing CM/ECF Access, User Name and Password; and (B) for Order (1) to File the Documents of Exhibit 1 and Exhibit 2 Nunc Pro Tunc, and (2) to Allow Extension of Time to Serve Summons, Complaint ("*Ex Parte* Apps.," ECF No. 15). Exhibit 1 is an *Ex Parte* Application for Order Allowing CM/ECF Access, User Name and Password dated October 28, 2020, (*see id.* at 8–12), and Exhibit 2 is an *Ex Parte* Application for Order Allowing (1) Filing Fee Paid Nunc Pro Tunc, and (2) PACER Access IFP. (*See id.* at 13–18.) Exhibit 2 was previously accepted on discrepancy and docketed as ECF No. 12, (*see* ECF Nos. 11, 12), which the Court granted in part and denied in part. (*See* ECF No. 13.) The Court therefore **DENIES IN PART AS MOOT** Plaintiff's *Ex Parte* Applications to the extent he seeks to have Exhibit 2 filed *nunc pro tunc*. As for Exhibit 1, the Court

**GRANTS IN PART** the *Ex Parte* Applications and **DEEMS** Plaintiff's request for CM/ECF access to be filed as of October 28, 2020.

Turning to the merits of Plaintiffs' requests, regarding CM/ECF Access, "[e]xcept as prescribed by local rule, order, or other procedure, the Court has designated all cases to be assigned to the Electronic Filing System." S.D. Cal. CivLR 5.4(a). With respect to *pro se* litigants, however, "[u]nless otherwise authorized by the court, all documents submitted for filing to the Clerk's Office . . . must be in legible, paper form." Office of the Clerk, United States District Court for the Southern District of California, *Electronic Case Filing Administrative Policies and Procedures Manual*, § 2(b) (Sept. 15, 2020). "A pro se party seeking leave to electronically file documents must file a motion and demonstrate the means to do so properly by stating their equipment and software capabilities in addition to agreeing to follow all rules and policies in the CM/ECF Administrative Policies and Procedures Manual." *Id.* The manual refers to the Court's official web site for CM/ECF technical specifications, *id.* at § 1(i), which include a "[c]omputer running Windows or Macintosh"; "[s]oftware to convert documents from a word processor format to portable document format (PDF)," such as "Adobe Acrobat 7.0 and higher"; "[i]nternet access supporting a transfer rate of 56kb or higher"; a compatible browser, such as "Firefox 15, Internet Explorer 9, and Safari 5.1/6 or later version"; a "[s]canner to image non-computerized documents 400 pixels per inch (ppi)"; and a PACER account. United States District Court, Southern District of California, CM/ECF Information: General Information, https://www.casd.uscourts.gov/cmecf.aspx#undefined1 (last visited November 23, 2020).

Plaintiff indicates that he "meets all technical requirements and previously was given access in case 3:14-cv-02263-CAB-WVG." (*Ex Parte* Apps. at 1.) Plaintiff's declaration specifies that Plaintiff has access to all of the hardware and software specified on the Court's website. (*See id.* at 11.) The Court therefore **GRANTS IN PART** Plaintiff's *Ex Parte* Applications to the extent he seeks CM/ECF access and **ORDERS** Plaintiff to register as a user with the Clerk's Office and as a subscriber per U.S. District Court for the Southern District of California Electronic Case Filing Administrative Policies and

Procedures Manual Section 2(b).  *The Court reminds Plaintiff that electronic filing is privilege and that any abuse of the CM/ECF system may result in termination of his electronic filing privileges.*

As for Plaintiff's request for an extension of time to serve the Summons and his First Amended Complaint, pursuant to Federal Rule of Civil Procedure 6, the Court may grant an extension of time for "good cause" if the moving party requests the extension before the applicable deadline expires.  Fed. R. Civ. P. 6(b)(1)(A).  Rule 6(b) must be "liberally construed to effectuate the general purpose of seeing that cases are tried on the merits." *Ahanchian v. Xenon Pictures, Inc.*, 624 F.3d 1253, 1255 (9th Cir. 2010) (citing Fed. R. Civ. P. 1 "[The Federal Rules] should be construed, administered, and employed . . . to secure the judge, speedy, and inexpensive determination of every action and proceeding."); *accord Turner v. Tierney,* 678 F. App'x 580, 581 (9th Cir. 2017).

Plaintiff filed his Complaint on August 3, 2020, (*see* ECF No. 1), and his operative First Amended Complaint on October 26, 2020, (*see* ECF No. 7), meaning that his deadline to serve Defendants is January 25, 2021.  *See* Fed. R. Civ. P. 4(m) (requiring that service be made within 90 days of filing complaint); Fed. R. Civ. P. 6(a)(2)(C).  The Court therefore concludes both that Plaintiff's request is timely and that Plaintiff has shown good cause for an extension.  Specifically, confusion regarding the payment of Plaintiff's filing fee prevented the Summons from being issued until December 8, 2020.  (*See* ECF Nos. 12–13; *Ex Parte* Apps. at 18; ECF No. 17.)  Consequently, the Court **GRANTS IN PART** Plaintiff's *Ex Parte* Applications to the extent Plaintiff seeks an extension of time to serve

/ / /
/ / /
/ / /
/ / /
/ / /
/ / /
/ / /

his First Amended Complaint and Summons and **ORDERS** Plaintiff to serve Defendants on or before March 5, 2021.

  **IT IS SO ORDERED.**

Dated: December 8, 2020

                 _____
                 Honorable Todd W. Robinson
                 United States District Court