UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AARON RAISER,<br><br>        Plaintiff,<br><br>v.<br><br>THE UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF CALIFORNIA, et al.,<br><br>        Defendants. | Case No.: 20-CV-1490 TWR (AGS)<br><br>**ORDER DENYING WITHOUT PREJUDICE PLAINTIFF'S *EX PARTE* APPLICATION FOR TEMPORARY RESTRAINING ORDER OR PRELIMINARY INJUNCTION**<br><br>(ECF No. 52) |

   Presently before the Court is Plaintiff Aaron Riser's "Emergency" *Ex Parte* Application for Order ("*Ex Parte* App.," ECF No. 52). "In our adversary system, *ex parte* motions are disfavored." *Ayestas v. Davis*, 584 U.S. __, 138 S. Ct. 1080, 1091 (2018); *accord United States v. Thompson*, 827 F.2d 1254, 1257 (9th Cir. 1987)). Consequently, "opportunities for legitimate ex parte applications are extremely limited." *Maxson v. Mosaic Sales Sols. U.S. Operating Co., LLC*, No. 2:14-CV-02116-APG, 2015 WL 4661981, at *1 (D. Nev. July 29, 2015) (quoting *In re Intermagnetics Am., Inc.*, 101 B.R. 191, 193 (C.D. Cal. 1989)). A proper *ex parte* motion must "address . . . why the regular noticed motion procedures must be bypassed," *i.e.*, "it must show why the moving party should be allowed to go to the head of the line in front of all other litigants and receive

1 | special treatment." *Mission Power Eng'g Co. v. Cont'l Cas. Co.*, 883 F. Supp. 488, 492
2 | (C.D. Cal. 1995). This requires the moving party to "show that the moving party's cause
3 | will be irreparably prejudiced if the underlying motion is heard according to regular noticed
4 | motion procedures" and "that the moving party is without fault in creating the crisis that
5 | requires ex parte relief, or that the crisis occurred as a result of excusable neglect." *Id.*

6 | Plaintiff meets none of these requirements in the instant *Ex Parte* Application. (*See*
7 | *generally* ECF No. 52.) Aside from labelling some of the relief he seeks as
8 | "**EMERGENCY**," Plaintiff makes no effort to explain why his request must bypass the
9 | regular procedures for noticed motions and be heard on an expedited basis. Rather,
10 | Plaintiff initiated this action on August 3, 2020, (*see* ECF No. 1)—well over a year ago—
11 | without seeking preliminary injunctive relief until today, September 27, 2021. (*See* ECF
12 | No. 52.) Because Plaintiff fails to make the necessary showing, "[t]he pending motion[ is]
13 | not properly brought in an *ex parte* manner." *See Maxson*, 2015 WL 4661981, at *2.
14 | "While the Court liberally construes the filings of *pro se* litigants, *pro se* litigants are not
15 | relieved from following applicable rules of procedure, including the Local Rule requiring
16 | a showing of compelling reasons for seeking relief on an *ex parte* basis." *Id.* (citing *Hebbe*
17 | *v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010); *King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir.
18 | 1987)). "As a result, the Court will not address the substance of the motion[] and [it is]
19 | hereby **DENIED [WITHOUT PREJUDICE]**. To the extent Plaintiff continues to seek
20 | the relief requested, []he must file the motion[] in accordance with the rules of this Court
21 | and provide notice of [it] to Defendant[s'] counsel." *See id.* (emphasis in original).

22 | Further, "the Court has outlined above the extremely limited circumstances in which
23 | the filing of an *ex parte* request is proper. The Court expects Plaintiff to refrain in the
24 | / / /
25 | / / /
26 | / / /
27 | / / /
28 | / / /

future from filing *ex parte* requests when the appropriate circumstances do not exist for such a filing." *See id.*

 **IT IS SO ORDERED.**

Dated: September 27, 2021

 _____
 Honorable Todd W. Robinson
 United States District Court