UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AARON RAISER,<br><br>                      Plaintiff,<br><br>v.<br><br>THE UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF CALIFORNIA, et al.,<br><br>                      Defendants. | Case No.: 20-CV-1490 TWR (AGS)<br><br>**ORDER DENYING PLAINTIFF'S RENEWED *EX PARTE* APPLICATION FOR TEMPORARY RESTRAINING ORDER OR PRELIMINARY INJUNCTION**<br><br>(ECF No. 54) |

      Presently before the Court is Plaintiff Aaron Riser's Renewed "Emergency" *Ex Parte* Application for Order ("Renewed *Ex Parte* App.," ECF No. 54). The Court denied Plaintiff's original *Ex Parte* Application, ECF No. 52, on the grounds that Plaintiff had failed to establish his entitlement to *ex parte* relief and therefore directed Plaintiff to file a properly noticed motion. (*See* ECF No. 53 at 2.) The Court also admonished Plaintiff not to file further *ex parte* requests unless merited under the very limited circumstances for seeking such relief. (*See id.* at 2–3.) Rather than comply with the Court's directives and obtain a hearing date, Plaintiff filed the instant Renewed *Ex Parte* Application, in which he once again attempts to justify his entitlement to *ex parte* relief. (*See* Renewed *Ex Parte* App. at 5–8.)

1    Again, Plaintiff's request for *ex parte* relief is improper.  Not only has Plaintiff failed
2    to establish his entitlement to *ex parte* relief, (*see generally* ECF No. 53), but he also has
3    failed to demonstrate that he is entitled to preliminary injunctive relief.  First, "[i]t is so
4    well settled as not to require citation of authority that the usual function of a preliminary
5    injunction is to preserve the status quo ante litem pending a determination of the action on
6    the merits." *Tanner Motor Livery, Ltd. v. Avis, Inc.*, 316 F.2d 804, 808 (9th Cir. 1963).
7    Consequently, "it is not usually proper to grant the moving party the full relief to which he
8    might be entitled if successful at the conclusion of a trial." *Id.*  Such is the case here, where
9    the declarations Plaintiff seeks through the instant Renewed *Ex Parte* Application are the
10   very declarations that he seeks through his operative Third Amended Complaint.
11   (*Compare, e.g.*, ECF No. 50 ("TAC") ¶¶ 132, 153, 156, 158–59, 171–72, 182–83, 204,
12   207, 213–14, 217, 268, *with* Renewed *Ex Parte* App. at 65–77.)  Accordingly, Plaintiff's
13   Renewed *Ex Parte* Application is appropriately denied.

14   Further, "[a] plaintiff seeking a preliminary injunction must establish that he is likely
15   to succeed on the merits." *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008).
16   As the Honorable Cathy Ann Bencivengo previously informed Plaintiff when dismissing
17   as frivolous a substantially similar action, "[t]his Court knows of no authority for the
18   proposition that one district judge can order another district judge to handle a particular
19   case in a particular manner." *Raiser v. U.S. Dist. Ct. for S. Dist. of Cal.*, No. 19CV1571-
20   CAB-WVG, 2019 WL 4110608, at *2 (S.D. Cal. Aug. 28, 2019).  "Moreover, the relief
21   Plaintiff seeks is unrealistic and frivolous, as judicial staff work for and at the direction of
22   the judges." *Id.*  "Finally, judges and their staff are absolutely immune from suit when
23   performing judicial responsibilities." *Id.* (citing *In re Castillo*, 297 F.3d 940, 947 (9th
24   Cir.), *as amended* (Sept. 6, 2002); *Ashelman v. Pope*, 793 F.2d 1072, 1075 (9th Cir.
25   1986); *Mullis v. U.S. Bankr. Ct. for Dist. of Nev.*, 828 F.2d 1385, 1390 (9th Cir.
26   1987); *Samuel v. Michaud*, 980 F.Supp.1381, 1403 (D. Idaho 1996)).  As in Plaintiff's prior
27   case, Plaintiff here sues judges and their staff—who are immune from suit—and seeks to
28   have the undersigned order other judges in this District and from the United States Court

1 of Appeals for the Ninth Circuit to administer their cases in a particular manner. (*See generally* TAC.)  Because Plaintiff is unlikely to succeed on the merits of these claims for the reasons outlined by Judge Bencivengo, Plaintiff has not established that he is entitled to preliminary injunctive relief on the merits.

For all these reasons, the Court **DENIES** Plaintiff's Renewed *Ex Parte* Application (ECF No. 54).

**IT IS SO ORDERED.**

Dated:  October 13, 2021

_____
Honorable Todd W. Robinson
United States District Court