UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Aaron Raiser,<br><br>　　　　　　　　　Plaintiff,<br><br>v.<br><br>Gary P. Serdar, in his capacity as the Clerk of the U.S. District Court for the District of Utah; and John Does 1-150;<br><br>　　　　　　　　　Defendants. | Case No.: 3:20-cv-01490-RSH-AGS<br><br>**ORDER:**<br><br>(1) **GRANTING DEFENDANTS' MOTION TO DISMISS**<br>(2) **DENYING PLAINTIFF'S MOTION TO AMEND**<br>(3) **DENYING AS MOOT PLAINTIFF'S MOTION TO RECONSIDER**<br>(4) **DENYING PLAINTIFF'S AMENDED MOTION TO RECONSIDER**<br><br>[ECF Nos. 73, 85, 91, 93] |

On April 18, 2023, this Court dismissed all Defendants from this action, except for the Clerk of the U.S. District Court for the District of Utah in his official capacity and John Does 1-150, because Plaintiff failed to effect timely service of process. ECF No. 88.

Pending before the Court are: (1) Defendants' motion to dismiss the operative Third Amended Complaint ("3AC"), ECF No. 85; (2) Plaintiff's motion to file a Fourth Amended

1

Complaint, ECF No. 73; and (3) Plaintiff's amended motion for reconsideration of the Court's April 18, 2023, Order, as well as for other relief, ECF No. 93. For the reasons below, the Court grants Defendants' motion to dismiss, and denies the remaining motions.

## I. BACKGROUND

Plaintiff Aaron Raiser brings this case pro se alleging "a non-trivial catastrophic failure with the federal court system" where "pro se litigants' cases are offloaded to general court staff to handle [and] at best a judge hears a nice sounding 'summary' of the case where behind the scenes staff misrepresent the case to get any outcome the staff want." ECF No. 50 at 2 n.1.[1] Citing several of his own past cases as examples, Plaintiff sets forth allegations that fall into eight categories: (1) cases brought by pro se litigants are segregated from cases involving parties represented by counsel, and assigned to federal judges who are unaware that the pro se cases are on their dockets; (2) court staff and law clerks decide all cases brought by pro se litigants without supervision from federal judges; (3) court staff and law clerks are overworked and biased against pro se litigants, including Plaintiff; (4) court staff and law clerks unlawfully deny pro se litigants access to the Case Management/Electronic Case Filings ("CM/ECF") system; (5) court staff and law clerks unlawfully use the Public Access to Court Electronic Records ("PACER") to research the cases Plaintiff cites in his complaint; (6) court staff and law clerks falsify and alter court dockets, filings, and evidence in Plaintiff's cases; (7) the U.S. Marshals Service unlawfully refuses to produce video evidence in response to Plaintiff's numerous Freedom of Information Act ("FOIA") requests; and (8) court staff and law clerks have placed Plaintiff on a restricted filer list for the U.S. Supreme Court, the U.S. Courts of Appeal for the Tenth and Ninth Circuits, and the U.S. District Courts for District of Utah and the Central District of California without authorization from the federal judges of those respective courts. ECF No. 50 (3AC) at 2-3, 6, 29-31, 33, 41-42, 45-47, 62.

---

[1] All citations to electronic case filing ("ECF") entries refer to the ECF-generated page numbers.

This Court's April 18, 2023, Order identifies the Defendants and the claims included in Plaintiff's 3AC. ECF No. 88. Following that Order, the only Defendants remaining in the case are the Clerk of the U.S. District Court for the District of Utah in his official capacity (the "Clerk") and Does 1-150.[2] Plaintiff's 77-page 3AC says little about the Clerk or Doe Defendants. Plaintiff alleges that the Clerk was "in on the corruption in not filing" one of Plaintiff's cases against the court staff who allegedly placed Plaintiff on the "restricted filer" list in the District of Utah and rejected his filings. ECF No. 50 at 41-43. Plaintiff further alleges that the "Doe" Defendants are court staff who work on and decide cases involving pro se litigants without sufficient judicial oversight, while intentionally withholding documents from the judges for whom they work. *Id.* at 22-23.

## II.  MOTION TO DISMISS

On a motion to dismiss for lack of subject matter jurisdiction, the plaintiff bears the burden of establishing that jurisdiction exists. *See Sopcak v. N. Mountain Helicopter Serv.*, 52 F.3d 817, 818 (9th Cir. 1995).

Plaintiff brings several claims against the Clerk: (1) for damages, pursuant to *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971) (Claim Three); (2) for "administrative mandamus" (Claim Four); (3) for declaratory relief, pursuant to 28 U.S.C. § 2201 (Claims Five and Thirteen); (4) for a writ of mandamus, pursuant to 28 U.S.C. § 1361 (Claim Fourteen); and (5) pursuant to the All Writs Act, 28 U.S.C. § 1651 (Claims Fifteen and Eighteen). ECF No. 50 at 54-76.[3]

"It is axiomatic that the United States may not be sued without its consent and that the existence of consent is a prerequisite for jurisdiction." *United States v. Mitchell*, 463

---

[2] Although Plaintiff's 3AC identifies D. Mark Jones as the Clerk of the U.S. District Court for the District of Utah, the Court substituted his successor, Gary P. Serdar, in his official capacity as the current Clerk. ECF No. 88 at 24.

[3] The Court has renumbered the claims in this action for clarity because the 3AC includes two "eleventh" and two "sixteenth" causes of action. *See* ECF No. 50 at 57-58, 76.

1  U.S. 206, 212 (1983); *accord Jachetta v. United States*, 653 F.3d 898, 903 (9th Cir. 2011).
2  Sovereign immunity shields both the federal government and its agencies from suit. *FDIC*
3  *v. Meyer*, 510 U.S. 471, 475 (1994). The Court concludes that sovereign immunity bars
4  each of Plaintiff's claims against the Clerk. These claims are addressed in turn.

5  First, Plaintiff's claim for damages against the Clerk in his official capacity is a
6  lawsuit against the federal government and therefore barred by sovereign immunity. *See*
7  *Consejo de Desarrollo Economico de Mexicali, A.C. v. United States*, 482 F.3d 1157, 1173
8  (9th Cir. 2007) ("[A] *Bivens* action can be maintained against a defendant in his or her
9  individual capacity only, and not in his or her official capacity. This is because a *Bivens*
10 suit against a defendant in his or her official capacity would merely be another way of
11 pleading an action against the United States, which would be barred by the doctrine of
12 sovereign immunity."); *accord DaVinci Aircraft, Inc. v. United States*, 926 F.3d 1117, 1127
13 (9th Cir. 2019).

14 Second, "The Declaratory Judgment Act is neither a waiver of sovereign immunity
15 nor an independent grant of jurisdiction." *Safeco Ins. Co. of Am. v. Nelson*, 468 F. Supp.
16 3d 1291, 1297 (S.D. Cal. 2020); *see Fiedler v. Clark*, 714 F.2d 77, 79 (9th Cir. 1983) ("The
17 Declaratory Judgment Act does not provide an independent jurisdictional basis for suits in
18 federal court."); *Brownell v. Ketcham Wire & Mfg.*, 211 F.2d 121, 128 (9th Cir. 1954)
19 ("[T]he Declaratory Judgment Act . . . is not a consent of the United States to be sued, and
20 merely grants an additional remedy in cases where jurisdiction already exists in the
21 court.").

22 Similarly, the All Writs Act, 28 U.S.C. § 1651, is not a "grant of plenary power to
23 the federal courts" but is instead "designed to preserve jurisdiction that the court has
24 acquired from some other independent source in law." *Doe v. INS*, 120 F.3d 200, 204-05
25 (9th Cir. 1997) (citing *Jackson v. Vasquez*, 1 F.3d 885, 889 (9th Cir. 1993)). Additionally,
26 the All Writs Act does not constitute a waiver of sovereign immunity. *See Raiser v. Gelmis*,
27 No. 22-cv-62, 2023 WL 121222, at *4 (D. Mont. Jan. 6, 2023); *Hall v. Richardson*, No.
28 95-cv-1907, 1997 WL 242765, at *2 (D. Ariz. Feb. 21, 1997).

Finally, the mandamus statute, 28 U.S.C. § 1361, does not provide a waiver of sovereign immunity. *Mashiri v. Dep't of Educ.*, 724 F.3d 1028, 1031-32 (9th Cir. 2013); *Smith v. Grimm*, 534 F.2d 1346, 1352 n.9 (9th Cir. 1976). Plaintiff's 3AC contains no allegations against the Clerk that would invoke an exception to this rule. Furthermore, a district court lacks authority to issue a writ of mandamus to another district court. *Mullis v. U.S. Bankr. Ct.*, 828 F.2d 1385, 1393 (9th Cir. 1987).[4]

Accordingly, this Court lacks subject matter jurisdiction over Plaintiff's remaining claims against the Clerk. Amendment of these claims would be futile, and the Court dismisses the claims with prejudice.

Plaintiff's official-capacity claims against the "Doe" Defendants, whom Plaintiff identifies as court staff [ECF No. 50 at 22-23], suffers from the same infirmities as his claims against the Clerk. To the extent Plaintiff seeks to sue the Doe Defendants in their individual capacity, during the pendency of this lawsuit Plaintiff has failed to identify them, to serve them, or to state any claim against them. The Court therefore dismisses Plaintiff's claims against the Doe Defendants.

### III. MOTION TO AMEND

On December 2, 2022, Plaintiff filed a motion to file his Fourth Amended Complaint. ECF No. 73. Defendants responded on January 13, 2023. ECF No. 74. At Plaintiff's request, the Court on February 7, 2023, granted an extension of the deadline to reply to Defendants' response. ECF No. 79. Pursuant to the Court's order granting the extension, Plaintiff's reply brief in support of his motion to amend was due by May 2, 2023. *Id.* Plaintiff did not file a reply brief.

On a motion for leave to amend a pleading, a court should "freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). The Court considers five factors in

---

[4] To the extent Plaintiff's separate claim for "administrative mandamus" is meant to invoke a procedure available under California law, Cal. Civ. Proc. Code § 1094.5, such a state law could not effect a waiver of federal sovereign immunity.

determining whether a motion for leave to amend is appropriate: "bad faith, undue delay, prejudice to the opposing party, futility of amendment, and whether the plaintiff has previously amended the complaint." *Johnson v. Buckley*, 356 F.3d 1067, 1077 (9th Cir. 2004).

"Futility of amendment can, by itself, justify the denial of a motion for leave to amend." *Bonin v. Calderon*, 59 F.3d 815, 845 (9th Cir. 1995). Additionally, a Court's "discretion to deny leave to amend is particularly broad where plaintiff has previously amended the complaint." *Ascon Prop., Inc. v. Mobil Oil Co.*, 866 F.2d 1149, 1160 (9th Cir. 1989).

As discussed above, the Court has concluded that it lacks subject matter jurisdiction over Plaintiff's remaining claims against the Clerk, and dismisses those claims with prejudice. Plaintiff's proposed amendments in the Fourth Amended Complaint do not contain factual allegations relating to the Clerk, and would do nothing to cure the jurisdictional infirmities. These amendments would therefore be futile. Because all of the existing defendants have been dismissed from the action, the effect of allowing Plaintiff to file a Fourth Amended Complaint would be to add eight new defendants to an action that has been pending for almost three years. For these reasons, the Court denies Plaintiff's motion to amend.

### IV.   MOTIONS TO RECONSIDER

On May 16, 2023, Plaintiff filed a motion for reconsideration of the Court's April 18, 2023, Order, as well as for other relief. ECF No. 91. Later that day, he filed an amended version of the same motion. ECF No. 93.[5] The Court addresses the amended motion.

"Courts have inherent power to modify their interlocutory orders before entering a final judgment." *Balla v. Idaho State Bd. of Corr.*, 869 F.2d 461, 465 (9th Cir. 1989). Under Federal Rule of Civil Procedure 54(b), "[d]istrict courts [also] have the authority to

---

[5] In light of Plaintiff's amendment, the Court denies the earlier version of the motion [ECF No. 91] as moot.

1 | entertain motions for reconsideration of interlocutory orders at any time before the entry
2 | of final judgment." *Est. of Wilson v. Cnty. of San Diego*, No. 3:20-cv-0457, 2022 WL
3 | 789127, at *18 (S.D. Cal. Mar. 14, 2022).

4 | However, reconsideration is an "extraordinary remedy, to be used sparingly in the
5 | interests of finality and conservation of judicial resources." *Kona Enters., Inc. v. Est. of
6 | Bishop*, 229 F.3d 877, 890 (9th Cir. 2000). Reconsideration is appropriate only if the court:
7 | "(1) is presented with newly discovered evidence, (2) committed clear error or the initial
8 | decision was manifestly unjust, or (3) if there is an intervening change in controlling law."
9 | *Smith v. Clark Cnty. Sch. Dist.*, 727 F.3d 950, 955 (9th Cir. 2013) (quoting *Sch. Dist. No.
10 | 1J v. ACandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993)).

11 | Plaintiff argues at length that the Court's April 18, 2023, Order was incorrect. He
12 | appears to contend that the Court committed "clear error" warranting reconsideration. ECF
13 | No. 93 at 22, 23. Plaintiff argues that Defendants waived their defense of insufficient
14 | service of process, that Plaintiff effected valid service of process, and that the Court
15 | misunderstood the requirements for service of process under Federal Rule of Civil
16 | Procedure 4(i). ECF No. 93 at 8-22. But the Court's April 18, 2023, Order addressed each
17 | of these same issues. *See* ECF No. 88 at 15-18 (rejecting Plaintiff's waiver argument), 18-
18 | 28 (addressing insufficient service of process), 11-13 (denying reconsideration of prior
19 | ruling on applicability of Rule 4(i)). Plaintiff has not provided any newly discovered
20 | evidence or legal authority demonstrating an intervening change in controlling law.
21 | Plaintiff's disagreement with that ruling, or with the reasoning and authority that supported
22 | it, does not warrant reconsideration.

23 | Plaintiff also asks for the Court to make certain disclosures, statements, and
24 | certifications to Plaintiff, and asks that all staff and the undersigned be recused from the
25 | case for bias. ECF No. 93 at 24-25. He provides no legal basis for the disclosures,
26 | statements, or certifications he demands. *Id.* Plaintiff appears to argue that recusal is
27 | warranted based on bias of the undersigned. *Id.* at 23. But the frequent accusations of bias
28 |

within Plaintiff's motion are simply repeated statements of his disagreement with the Court's rulings. *Id.* at 7, 8, 9, 11, 21, 22. The Court therefore denies Plaintiff's motion.

## V.  CONCLUSION

For the above reasons, the Court:

1. **GRANTS** Defendants' motion to dismiss [ECF No. 85], **DISMISSES** the Third Amended Complaint [ECF No. 50] against the remaining Defendants, and **DISMISSES** the action without leave to amend and without prejudice;

2. **DENIES** Plaintiff's motion to file a Fourth Amended Complaint, ECF No. 73;

3. **DENIES AS MOOT** Plaintiff's motion for reconsideration, ECF No. 91;

4. **DENIES** Plaintiff's amended motion for reconsideration and other relief, ECF No. 93; and

4. **DIRECTS** the Clerk to close the case.

**SO ORDERED**.

Dated:  May 26, 2023

_____
Hon. Robert S. Huie
United States District Judge